JERRY SORRENTINO, RESPONDENT, v. D. V. G. MFG. CO., APPELLANT.

Submitted December 10, 1917—Decided March 4, 1918.

1. In a workman's compensation case the judge of the Pleas must, as the result of the hearing had before him, make a determination of every factor that, under the statute, enters into the award of compensation.

2. The compensation for two or more permanent partial disabilities is to be awarded upon the principles laid down in the case of *Orlando* v. *Ferguson,* 90 *N. J. L.* 553.

On appeal from the Supreme Court.

For the appellant, *Kalisch & Kalisch.*

For the respondent, *Weller & Lichtenstein.*

The opinion of the court was delivered by

GARRISON, J. This is a workman's compensation case. The petitioner had suffered a fracture of the skull running into the orbit of the right eye, causing shock, injury to the brain and the loss of the eye. The Common Pleas determined that the petitioner was entitled to compensation for three disabilities: First, a temporary disability; second, a partial permanent disability by the loss of the eye, and third, a partial permanent disability from the injury to the brain. As to none of these disabilities was the compensation definitely fixed by the judgment of the Pleas. For the temporary disability the rate of payment was fixed but not the time it was to run, which was "during the said temporary disability;" for the loss of the eye the number of weeks and the rate of payment were fixed but not the date when they began to run, which was "when the temporary disability had ceased;" for the permanent disability to the brain neither rate, date nor period was fixed, their determination being indefinitely post-

poned until after "the termination of the temporary disability."

This judgment is erroneous in two respects. The Common Pleas, after hearing the case, ought to have determined every factor upon which, under the statute, the award of compensation depended. The statute is explicit that at the hearing the judge shall "in a summary manner decide the merits of the controversy." *Pamph. L.* 1911, *p.* 143, § 20. There is not the slightest foundation for the idea that the determination of any of the factors that enter into such decision can be put over to some indefinite period or to await some uncertain event. To the same effect is the provision of the next succeeding section, by which each party in every case is given the right to apply for a review of the award, which, assumes that in every case an award has been made and gives a remedy that would otherwise be meaningless.

The statutory scheme in the respect under consideration was passed upon in the case of *Feldman* v. *Braunstein*, 87 *N. J. L.* 20, although the case in other respects was different. "It is for the court, under the statute," said Mr. Justice Swayze, "to determine the compensation, and the court can act only on the facts before it, not upon the uncertain possibilities of the future. The proper course was to deal with the case exactly as it stood at the time." * * * (The rest of the sentence deals with the particular facts of that case.)

The case must go back to the Pleas for a new determination and judgment.

The other error arose from the failure of the Pleas to apply to the two permanent partial disabilities the principles laid down by this court in the case of *Orlando* v. *Ferguson*, 90 *N. J. L.* 553, the opinion in which was not filed until after the judgment of the Pleas in the present case was rendered.

The judgment of the Supreme Court is reversed to the end that the proceeding be remanded to the Common Pleas for a judgment based upon a determination made in accordance with the foregoing principles either upon the present evidence or upon such additional testimony as may be put in.

*For affirmance*—WILLIAMS, J.   1.

*For reversal*—THE CHANCELLOR, GARRISON, TRENCHARD, PARKER, MINTURN, KALISCH, WHITE, HEPPENHEIMER, TAYLOR, GARDNER, JJ.   10.